UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ADRIAN MIRO, INDIVIDUALLY AND ON BEHALF OF ALL
PERSONS SIMILARLY SITUATED,

                                  Plaintiff,

                    -against-

BUON AMICI AND CHRISTOPHER RAIMO,

                              Defendants.
-------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

## NATURE OF ACTION

1. Plaintiff on behalf of himself and all persons similarly situated (collectively as the "FLSA Class"), brings this action to recover unpaid wages, unpaid minimum wage, unlawfully withheld tips, unpaid overtime, liquidated damages, reasonable attorney fees and costs from the Defendants, for whom the Plaintiff and the FLSA Class performed work.

2. Plaintiff was a food runner and busboy employed in the Defendants' restaurant (the "Restaurant"). For a time prior to filing this Complaint, the Defendants willfully committed violations of 29 U.S.C §201 et. seq., (the "Fair Labor Standards Act" or "FLSA") and the New York Labor Law ("NYLL") by failing to keep accurate time records, failing to pay the Plaintiff and FLSA Class the rate of one-and-one-half times their regular rate of pay for hours worked in excess of 40 hours in a workweek, failing to pay minimum wage, failing to pay a direct wage, and misappropriating and mishandling a tip share, as detailed in this Complaint.

3. Plaintiff and the FLSA Class were victims of the Defendants' unlawful mishandling of tips and non-payment of wages. The Defendants who are statutory supervisors, exercised control over the collection and distribution of customer tips allocated to the Plaintiff and FLSA Class. Each night the waiters in the Restaurant had to hand in a portion of the tips received to the Defendants who would then withhold all tips until a later time, and distribute to the Plaintiff and Class members a randomly selected portion of the tips collected. The Plaintiff and the FLSA Class could not and did not know whether they were receiving the proper portion of tips from the waiters. Moreover, the Employer never established a lawful tip share and did not pay Plaintiff and the FLSA class a direct wage.

4. In addition to misappropriating customer tips, the Defendants utilized a tip credit to avoid having to pay the Plaintiff and FLSA Class the full statutory Minimum Wage under the NYLL. Plaintiff did not earn sufficient tips to earn at least the minimum wage, and because of the unlawful nature of the tip pooling system, the Defendants were not lawfully permitted to utilize a tip credit. Thus, the Plaintiff and FLSA Class are entitled to receive from the Defendants all money withheld by the Defendants under the guise of a lawful tip credit, and payment for the full minimum wage for not receiving a direct wage from the Defendants.

5. Plaintiff and the FLSA Class were also not provided with proper wage notices that informed them of their rate of pay, the amount of tip credit used by the employer and their rate of overtime. Furthermore, the Defendant paid the Plaintiff and FLSA Class in cash and never

1

recorded their work hours, so they had no ability to determine if they were paid for all hours worked, if they received overtime and what portion of their pay was allocated to tips versus a direct wage.

## JURISDICTION AND VENUE

6. This action arises under 29 U.S.C §201 et. seq., (the "Fair Labor Standards Act" or "FLSA").

7. This Court has jurisdiction under 28 U.S.C. §1331 and 29 U.S.C. § 216.

8. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367.

9. Venue is proper in the Southern District of New York under 28 U.S.C. §1391 because the Defendants conduct business there and the cause of action arose there.

## THE PARTIES

10. Plaintiff Adrian Miro ("Adrian" or "Plaintiff") resides in Brewster, New York.

11. Upon information and belief, Defendant Buon Amici ("Corporate Defendant") is a corporation formed in the State of New York and is located at 238 Central Avenue, White Plains, N.Y 10606.

12. Upon information and belief, Defendant Christopher Raimo ("Raimo") is the owner of Corporate Defendant with his principal place of business located at Corporate Defendant, and is domiciled in the State of New York.

## BACKGROUND FACTS

13. Corporate Defendant is an "employer" under the FLSA.

14. Corporate Defendant is an "employer" under the NYLL.

15. Corporate Defendant is a restaurant.

16. Corporate Defendant is an eating or drinking place that prepares and offers food or beverage for human consumption on its premises to the public[1].

17. Corporate Defendant is engaged in the hospitality industry under the NYLL.

18. Corporate Defendant continues to employ employees who are similarly situated to Plaintiff.

19. Upon information and belief, Corporate Defendant is owned, in whole or in part, by Raimo.

20. During any period of time whatsoever between May 1, 2014 through May 1, 2017, Corporate Defendant had the ability to perform one or more of the following actions: (1) hire certain employees of Corporate Defendant, (2) terminate the employment of certain employees of Corporate Defendant, (3) set the wage rates of certain employees of Corporate Defendant, (4) maintain payroll records for certain employees of Corporate Defendant, or (5) institute work rules for certain employees of Corporate Defendant.

---

[1] http://www.buonamicirestaurant.com.

21. During any period of time whatsoever between May 1, 2014 through May 1, 2017, Defendant Raimo had the ability to perform one or more of the following actions: (1) hire certain employees of Corporate Defendant, (2) terminate the employment of certain employees of Corporate Defendant, (3) set the wage rates of certain employees of Corporate Defendant, (4) maintain payroll records for certain employees of Corporate Defendant, or (5) institute work rules for certain employees of Corporate Defendant.

22. Corporate Defendant is involved in an industry affecting commerce within the meaning of the FLSA.

23. Corporate Defendant's annual revenues exceed $500,000 for the year 2016.

24. Corporate Defendant's annual revenues exceed $500,000 for the year 2015.

25. Corporate Defendant's annual revenues exceed $500,000 for the year 2014.

26. Corporate Defendant employs at least two employees who regularly engage in interstate commerce.

27. On information and belief, Corporate Defendant regularly employs an individual that regularly and customarily uses the interstate telecommunications network to process credit card transactions with firms outside the state of New York.

28. On information and belief, Corporate Defendant regularly purchases goods from locations manufactured outside the State of New York and utilizes such products within the State of New York.

29. The business activities of the Corporate Defendant are related and performed through unified operation or common control for a common business purpose and constitutes an enterprise within the meaning of the FLSA.

30. Corporate Defendant failed to keep accurate and sufficient payroll and time records, as required by law.

31. Corporate Defendant did not use a punch card time keeping system between May 1, 2014 and May 1, 2017 to record Plaintiff's work hours.

32. Corporate Defendant did not use a handwritten time keeping system between May 1, 2014 and May 1, 2017 to record Plaintiff's work hours.

33. Corporate Defendant did not maintain sufficient payroll and time records to determine the weekly pay and hours worked by the Plaintiff and FLSA Class.

**Class Definition**

34. Plaintiff brings each Cause of Action of this lawsuit under the FLSA 29 U.S.C §216(b), as a collective action on behalf of the following class of potential opt-in litigants:

> **All current and former food service worker employees of Buon Amici ("Corporate Defendant") who performed work in New York in any workweek in the past three years ("FLSA Class").**

35. Plaintiff reserves the right to redefine the FLSA Class prior to class certification and thereafter, as necessary.

**PLAINTIFF ADRIAN MIRO:**

36. Plaintiff started working for Corporate Defendant in or around December 2015.

37. Plaintiff stopped working for Corporate Defendant in August 2016.

38. Plaintiff performed work for Corporate Defendant during the 2016 calendar year.

39. Plaintiff performed work for Corporate Defendant during the 2015 calendar year.

40. Corporate Defendant paid Plaintiff by the hour.

41. Corporate Defendant paid Plaintiff in cash.

42. Plaintiff regularly worked more than 40 hours in a workweek while employed by Corporate Defendant.

43. On certain occasions, Plaintiff worked more than 10 hours in a single day for the Defendants.

44. Corporate Defendant failed to pay Plaintiff one additional hour of pay at the basic minimum hourly wage rate on days in which Plaintiff worked in excess of 10 hours.

45. Each workday, Plaintiff was not provided with a complete reprieve from work for at least 30 minutes as and for a lunch period.

46. Corporate Defendant regularly did not pay Plaintiff an overtime premium for hours worked over 40 in a workweek.

47. Corporate Defendant was aware that Plaintiff worked more than 40 hours during certain workweeks.

48. Corporate Defendant required that Plaintiff work more than 40 hours during certain workweeks.

49. On information and belief, Corporate Defendant did not pay Plaintiff a direct wage.

50. On information and belief, Defendants only paid Plaintiff a portion of the tips shared by the wait staff on a weekly basis.

51. Corporate Defendant violated 12 NYCRR 146-1.3(4) by failing to pay Plaintiff a direct wage and tip credit combination that equaled at least $9.00 per hour.

52. Corporate Defendant failed to pay Plaintiff a direct wage of at least $7.50 per hour for each hour worked.

**UNLAWFUL TIPPING PRACTICES**

4

53. Plaintiff was a "food service worker" as defined in 12 NYCRR §146-3.4(a)[2].

54. Plaintiff was primarily engaged in the serving of food or beverages to guests, patrons or customers in Defendants' restaurant.

55. Plaintiff regularly received tips from Corporate Defendants' guests, patrons or customers.

56. Plaintiff was not a delivery worker for Corporate Defendant.

57. Plaintiff was an employee who was statutorily eligible to received shared tips under 12 NYCRR §146-2.14(e).

58. Plaintiff was a food runner while employed by Corporate Defendant.

59. Plaintiff was also a busboy while employed by Corporate Defendant.

60. As a food runner, Plaintiff was responsible for transporting food to and from the kitchen to customers' tables.

61. As a busboy, Plaintiff was responsible for removing dirty silverware and plates from customer tables and transporting them to the kitchen.

62. Corporate Defendant used a tip credit as part of the compensation scheme for Plaintiff.

63. In the 2016 calendar year, Corporate Defendant violated 12 NYCRR 146-1.3(4) by taking too large a tip credit to compensate Plaintiff.

64. In the 2016 calendar year, Corporate Defendant failed to pay Plaintiff a combination of tips and wages that equaled at least $9.00 per hour.

65. In the 2015 calendar year, Corporate Defendant violated 12 NYCRR 146-1.3(3) by taking too large a tip credit to compensate Plaintiff.

66. In the 2015 calendar year, Corporate Defendant failed to pay Plaintiff a combination of tips and wages that equaled at least $8.75 per hour.

67. In the 2016 calendar year, the Corporate Defendant utilized a tip credit in excess of $1.50 per hour to compensate Plaintiff.

68. In the 2015 calendar year, the Corporate Defendant utilized a tip credit in excess of $3.50 per hour to compensate Plaintiff.

69. Corporate Defendant required a "tip sharing" system as defined in 12 NYCRR §146-2.14 at its establishment.

70. Corporate Defendant required that directly tipped employees give a portion of their tips to other food service workers who participated in providing service to customers.

---

[2] NYS Minimum Wage Order Effective December 31, 2015 through December 30, 2016; also known as the NYS Hospitality Wage Order. All references to the NYS Hospitality Wage Order are referencing the Wage Order that was in effect from December 31, 2015 through December 30, 2016.

71. Corporate Defendant exercised control over the tip sharing system in violation of 12 NYCRR §146-2.15(b).

72. Each night Raimo would require directly tipped employees to give him a percentage of their tips that Raimo would control for redistribution to the indirectly tipped employees.

73. Each night Raimo would require directly tipped employees to give him a percentage of their tips that Raimo would control for redistribution to the Plaintiff.

74. On information and belief, each night Plaintiff worked, Raimo failed to remit to Plaintiff all tips due to Plaintiff.

75. Corporate Defendant violated 12 NYCRR §146-2.17 et. seq. by failing to maintain accurate records of the tip sharing distributions.

## Statutory Wage Notice Violations

76. Corporate Defendant did not maintain for the tip sharing system:

    a. A daily log of the tips collected by each employee on each shift, whether in cash or by credit card;

    b. A list of occupations that the employer deemed eligible to receive tips through the tip sharing system;

    c. The shares of tips that each occupation is scheduled to receive from the tip sharing system;

    d. The amount of tips that each employee received from the tip share by date.

77. Corporate Defendant failed to comply with the provisions of 12 NYCRR§146-2.3 by failing to provide Plaintiff with a paystub each week that Plaintiff was paid by Defendants.

78. Corporate Defendant did not provide Plaintiff with a statement of wages[3] with each payment of wages that set forth Plaintiff's hours worked, rates of pay, gross wages, credits claimed (for tips, meals and lodging) if any, deductions and net wages.

79. Corporate Defendant failed to provide Plaintiff with a written notice of tip credit as required in 12 NYCRR §146-2.2 as a condition precedent to utilizing the tip credit as required by 12 NYCRR §146-1.3.

80. Corporate Defendant failed to comply with the written notice requirements set forth in 12 NYCRR §146-2.8.

81. Corporate Defendant failed to provide Plaintiff with a written notice of pay rate.

82. Corporate Defendant failed to provide Plaintiff with a written notice of tip credit.

83. Corporate Defendant failed to provide Plaintiff with a written notice of pay day.

---

[3] commonly referred to as a paystub.

**Collective Action Allegations**

84. Plaintiff brings this lawsuit under 29 U.S.C §216(b) as a collective action on behalf of the FLSA Class defined above.

85. Plaintiff desires to pursue his FLSA claim on behalf of any individuals who opt-in to this action under 29 U.S.C. §216(b).

86. Plaintiff and the FLSA Class are "Similarly Situated", as that term is used in 29 U.S.C.§216(b), because, inter alia, all such individuals worked as food service workers under Corporate Defendant's previously described common pay practices and, because of such practices, were not paid the full and legally-mandated overtime premium for hours worked over 40 during the workweek. Resolution of this action requires inquiry into common facts, including, inter alia, Corporate Defendant's common compensation, timekeeping and payroll practices.

87. Specifically, Corporate Defendant typically paid Plaintiff and the FLSA Class by using an unlawful tip credit, failing to provide employees with proper notices of the pay structure, failing to pay employees the proper direct wage, failing to pay employees overtime and minimum wage, and not maintaining proper record of employee work hours.

88. The Similarly-Situated employees are known to Corporate Defendant, are readily identifiable, and may be located through Corporate Defendant's records and the records of any payroll company that Corporate Defendant uses. Corporate Defendant employs FLSA Class Members through the State of New York. These similarly-situated employees may be readily notified of this action through direct U.S mail and/or other appropriate means, and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the collective adjudication of their claims for overtime compensation, liquidated damages, interest, and attorneys' fees and costs under the FLSA.

### AS AND FOR A FIRST CAUSE OF ACTION
### (Failure to pay overtime)
### (Federal)
### (on Behalf of the FLSA Class)

89. Plaintiff repeats, re-alleges and reincorporates all allegations as though fully set forth herein.

90. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.,* and the supporting federal regulations, apply to Defendants and protect the Plaintiff and FLSA Class.

91. Defendants failed to pay Plaintiff and FLSA Class overtime wages to which they are entitled under the FLSA and the supporting Federal Regulations.

92. Because of Defendants' unlawful acts, Plaintiff and the FLSA Class have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

93. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint are unlawful. Defendants have not made a good faith

effort to comply with the FLSA with respect to the compensation of Plaintiff.

94. Because Defendants' violations of the FLSA have been wilfull, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Failure to pay overtime)
### (NY STATE)
### (On behalf of the FLSA Class)

95. Plaintiff repeats, re-alleges and reincorporates all allegations as though fully set forth herein.

96. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect the Plaintiff.

97. Defendants failed to pay Plaintiff and the FLSA Class overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

98. By Defendants' knowing or intentional failure to pay Plaintiff and FLSA Class overtime wages for hours worked over 40 hours per workweek, they have willfully violated NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor Regulations.

99. Due to Defendants' violations of the NYLL, Plaintiff and the FLSA Class are entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest from the Defendants.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Failure to pay wages)
### NY Lab. Law §191
### (On Behalf of the FLSA Class)

100. Plaintiff repeats, re-alleges and reincorporates all allegations as though fully set forth herein.

101. Under NYLL §191, an employer is required to pay an employee within one week of the services performed by the employee.

102. Defendants failed to pay Plaintiff and the FLSA Class their wages as required by NYLL §191 by not paying wages within the statutory time-period.

103. On information and belief, Defendants engaged in an ongoing practice of failing to remit to Plaintiff and the FLSA Class all tips that were earned.

104. Because of Defendants' unlawful withholding of wages, Plaintiff and the FLSA Class suffered harm.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Failure to provide wage notices)
### (NY STATE)
### (On Behalf of the FLSA Class)

8

105. Plaintiff repeats, re-alleges and reincorporates all allegations as though fully set forth herein.

106. Pursuant to the Wage Theft Prevention Act, New York Labor Law, §195, Defendants willfully failed to furnish Plaintiff and FLSA Class with a required notice containing the following information:

   i. the rates or rates of pay and basis thereof;

   ii. whether paid by the hour, shift, day, week, salary, piece, commission or other allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances;

   iii. the regular pay designated by the employer in accordance with NYLL §191;

   iv. the name of the employer;

   v. Any "doing business as" names used by the employer;

   vi. The physical address of the employer's main office or principal place of business, and a mailing address, if different;

   vii. The telephone number of the employer

107. Defendants willfully failed to furnish Plaintiff and the FLSA Class with an accurate statement of wages as required by NYLL §195(3), containing the dates of work covered by that payment of wages; name of the employee; name of the employer; address and phone number of employer; rate or rates of pay and basis thereof; whether paid by hour, shift, day, week, salary, piece, commission, or other; gross wages; hour rate or rates of pay, and overtime rates of pay; the number of hours worked, including over time hours; deductions, allowances, and net wages.

108. Due to Defendants' violation of NYLL §195(1), Plaintiff and the FLSA Class are entitled to recover from Defendants liquidated damages of $50 per each workday that the violation occurred, up to a maximum of $5,000, reasonable attorney fees, and costs and disbursements of this action, pursuant to NYLL § 198(1-b).

109. Defendants failed to provide Plaintiff and the FLSA Class with a with each payment of wages that set forth Plaintiff's hours worked, rates of pay, gross wages, credits claimed (for tips, meals and lodging) if any, deductions and net wages.

110. Due to Defendants' violation of NYLL §195(3), Plaintiff and the FLSA Class are entitled to recover from Defendants liquidated damages of $250 per each workday that the violation occurred, up to a maximum of $5,000, reasonable attorney fees, and costs and disbursements of this action, pursuant to NYLL § 198(1-d).

**AS AND FOR A FIFTH CAUSE OF ACTION**
**(Failure to pay minimum wage)**
**(On Behalf of the FLSA Class)**
**(Federal)**

111. Plaintiff repeats, re-alleges and reincorporates all allegations as though fully set forth herein.

112. The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.,* and the supporting federal regulations, apply to Defendants and protect the Plaintiff and FLSA Class.

113. Defendants failed to pay Plaintiff and FLSA Class minimum wages to which they are entitled under the FLSA and the supporting Federal Regulations.

114. Because of Defendants' unlawful acts, Plaintiff and the FLSA Class have been deprived of minimum compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

115. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint are unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

116. Because Defendants' violations of the FLSA have been wilfull, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255

### **AS AND FOR A SIXTH CAUSE OF ACTION**
**(Failure to pay minimum wage)**
**(NY STATE)**
**(On behalf of the FLSA Class)**

117. Plaintiff repeats, re-alleges and reincorporates all allegations as though fully set forth herein.

118. The minimum wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect the Plaintiff.

119. Defendants failed to pay Plaintiff and the FLSA Class minimum wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

120. By Defendants' knowing or intentional failure to pay Plaintiff and FLSA Class minimum wages for hours worked, they have willfully violated NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor Regulations.

121. Due to Defendants' violations of the NYLL, Plaintiff and the FLSA Class are entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest from the Defendants.

### **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff seeks the following relief:

A. An Order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. §216(b);

B.	Prompt notice, pursuant to 29 U.S.C. §216(b), of this litigation to all potential FLSA Class Members;

C.	Unpaid wages, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

D.	Unpaid wages pursuant to NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor regulations, and an additional and equal amount as liquidated damages pursuant to NYLL § 663;

E.	Unpaid wages pursuant to NYLL §191 and an additional and equal amount as liquidated damages pursuant to the NYLL.

F.	Statutory damages equal to $50 for each workday up to a maximum of $5,000 for each workday Plaintiff was not provide a wage notice pursuant to NYLL §198(1-b);

G.	Statutory damages equal to $250 for each workday up to a maximum of $5,000 for each workday Plaintiff was not provide a statement of wages pursuant to NYLL §198(1-d);

H.	Pre-judgment interest and post-judgment interest;

I.	Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under NYLL Art. 6, §§ 190 *et seq.,* NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor regulations;

J.	An injunction requiring Defendants to pay all statutorily required wages pursuant to the NYLL and an order enjoining Defendant from continuing its unlawful policies and practices as described herein;

K.	Reasonable attorney fees and costs of the action;

L.	Pre-judgment interest and post judgment interest;

M.	Such other relief as this Court shall deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Fed. R. Civ. P., Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated:   White Plains, New York
             May 3, 2017

EL-HAG & ASSOCIATES, P.C

_____

Jordan El-Hag, Esq.
777 Westchester Ave, Suite 101
White Plains, N.Y, 10604
(914) 755-1579 (p)
(914) 206-4176 (f)
Jordan@elhaglaw.com
www.elhaglaw.com
