UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ADRIAN MIRO, INDIVIDUALLY AND ON BEHALF OF ALL
PERSONS SIMILARLY SITUATED,

                    Plaintiff,

                                                7:17-CV-03288 (CS)(JCM)

      -against-

BUON AMICI AND CHRISTOPHER RAIMO,

                    Defendants.
------------------------------------------------------------X

## NEGOTIATED SETTLEMENT AGREEMENT

        WHEREAS, Plaintiff Adrian Miro ("Plaintiff") and Defendants Buon Amici and Christopher Raimo ("Defendants") desire to resolve, settle, and agree to dismiss with prejudice any and all claims which Plaintiff has made for alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA") in or by the Complaint in the above-captioned action pending in U.S. District Court for the Southern District of New York, Case No. 7:17-CV-03288(CS)(JCM) (the "Lawsuit"), without further litigation or adjudication;

        WHEREAS Plaintiff and Defendants have chosen to enter into this Negotiated Settlement Agreement ("Agreement") to avoid further proceedings with respect to any and all claims Plaintiff has made pursuant to the FLSA and related New York Labor wage statutes and regulations (referred to herein as the "FLSA Claims") against Defendants in this Lawsuit or that Plaintiff could assert in any other case or forum and intending to settle, bar and waive any and all such claims that Plaintiff has or may have against Defendants;

        WHEREAS, Plaintiff and Defendants understand and agree that Defendants deny each and every allegation of wrongdoing, including, but not limited to, the FLSA Claims;

        WHEREAS, a *bona fide* dispute exists as to Plaintiff's FLSA Claims;

        WHEREAS, Plaintiff and Defendants understand and agree that neither the making of this Agreement nor anything contained herein shall be construed or considered in any way to

be an admission by Defendants or any other person or entity of guilt or noncompliance with any federal, state, or local statute, order, regulation or ordinance, public policy, tort law, contract (whether oral or written, express or implied), common law, alleged employer policies, practices, benefit plans, compensation plans or procedures, or of any other wrongdoing whatsoever; and,

WHEREAS, the FLSA Claims shall be dismissed in their entirety and with prejudice by the Court pursuant to the Stipulation And Order Of Dismissal Of FLSA Claims With Prejudice that shall be executed by counsels for Plaintiff and Defendants, as set forth below:

NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES that:

1. **Definition of Parties.**

    (a) "Releasor" shall be defined to include Plaintiff and Plaintiff's present or former spouse(s), dependents, heirs, assigns, lien holders, fiduciaries, successors, creditors, debtors, counsel, and any otherwise affiliated or related persons and entities; and,

    (b) "Releasees" shall be defined to include Defendants herein, and all presently or formerly related or affiliated persons or entities, including, but not limited to, any present or former parent corporations, subsidiaries, investors, divisions, affiliated entities, employee benefit plans, purchasers of assets or stocks, insurers, joint ventures, partners, shareholders, family members, successors, assigns, counsel, administrators, heirs, creditors, debtors, executors, officers, partners, directors, agents, fiduciaries, and representatives, as well as the employees and representatives of any such entity, and any otherwise related persons or entities.

2. **Plaintiff's Commitments.**

    In exchange for the promises set forth in paragraph "4" below, Plaintiff agrees as follows:

    (a) Plaintiff will execute all documents, including, but not limited to, this Agreement, that may be needed to settle, waive, dismiss and withdraw, with prejudice, any and all known or unknown FLSA Claims contained in complaints, suits, actions, charges, claims or proceedings against Releasees existing or which could exist as of the date of the execution of this Agreement;

2

(b) Plaintiff will cooperate fully with the Defendants or any other Releasee to seek an order of dismissal of Plaintiff's FLSA claims arising from his employment with Defendants from any court of competent jurisdiction, administrative agency or other forum where any such claim is alleged to be owed. Plaintiff will execute any necessary papers or motions to carry out this obligation; including, but not limited to, an stipulation of dismissal with prejudice. This obligation shall continue until all of Plaintiff's FLSA claims arising from his employment with Defendants are fully and wholly dismissed with prejudice as against and Defendant or Releasee regardless of the forum in which such claim is pending.

(c) Plaintiff and Defendants agree that this Agreement may be introduced in any proceeding solely to enforce its terms, to establish conclusively the settlement and release of the matters described herein, to establish a breach of this Agreement, or to establish the settlement, withdrawal, and dismissal of the FLSA Claims.

3. **Release of FLSA Claims by Plaintiff.**

Releasor knowingly and voluntarily releases and forever discharges Releasees of and from any and all FLSA Claims of any kind or nature, whether known or unknown, arising up to and as of the date of the execution of this Agreement, which may exist against Defendants, including, but not limited to, the FLSA Claims contained in the Complaint in the Lawsuit and any other alleged violation of:

- the FLSA, and
- any claim for costs, fees, or other expenses, including, but not limited to, a claim for attorneys' fees or costs.

4. **Consideration.**

(a) In exchange for the promises made herein by Plaintiff, including the general and unlimited release of all FLSA Claims Plaintiff has or may have against Defendants arising up to, and including the date of the execution of this Agreement, and the dismissal with prejudice of the FLSA Claims contained in the Lawsuit, Defendants agree to pay to Plaintiff the total sum of **Sixty Thousand Dollars and No Cents ($60,000.00)** ("the FLSA Settlement Sum"). The FLSA Settlement Sum shall be paid within twenty (20) days after the dismissal of the FLSA Claims contained in the Lawsuit with prejudice. The FLSA Settlement Sum will be paid as follows:

3

(i) One check payable to "**Adrian Miro**" in the amount of **Nineteen Thousand Seven Hundred Forty Dollars and No Cents ($19,740.00),** less lawful deductions as payment for alleged back wages, which will be reported on an IRS Form W2, deductions as provided by Plaintiff. Plaintiff represents that the appropriate tax withholdings are 7.65% for Social Security related deductions, 5% for NYS withholdings and 10% for Federal tax withholdings. These withholdings are subject to Paragraph 4(b) herein and Plaintiff has relied on independent tax advice in providing such withholdings, and is not making these representations based on advice of counsel, defendants or Defendants' counsel, and;

(ii) One check payable to "**Adrian Miro**" in the amount of **Nineteen Thousand Seven Hundred Forty Dollars and No Cents ($19,740.00),** apportioned as payment for alleged liquidated damages, which will be reported on an IRS Form 1099; and

(iii) One check payable to "El-Hag & Associates, P.C., as counsel for "**Adrian Miro**" in the amount of **Twenty Thousand Five Hundred Twenty Dollars and No Cents ($20,520.00),** as payment for Plaintiffs alleged attorneys' fees and expenses, which shall be reportable to Plaintiff and his attorneys on an IRS Form 1099. Plaintiff's counsel will provide an IRS Form W-9 to Defendants' counsel for processing of this check.

(b) Regardless of any tax withholding or other deductions by Defendants from the FLSA Settlement Sum, Plaintiff must ensure that any and all tax obligations relating to the payments made hereunder are properly filed and/or paid. In the event that any federal, state, or local taxing authority or court determines that taxes, interest and/or penalties are due and owing as a result of any non-payment by Plaintiff of Plaintiffs share of said taxes, any interest, penalties, or other liabilities shall be the sole obligation and liability of Plaintiff, who shall hold harmless, indemnify and defend Defendants and pay any of Defendants' reasonable legal fees in connection with defending such claims.

(c) Upon the complete execution of this Agreement, counsel for the Parties shall sign the Stipulation And Order Of Dismissal Of FLSA Claims With Prejudice, and Plaintiff's counsel shall prepare and file an application requesting judicial approval of the Parties' settlement as reflected in this Agreement.

5. **No Other Entitlement Under the FLSA.**

As a consequence of this settlement, Plaintiff affirms that Plaintiff has been paid and has received all compensation, wages, bonuses, commissions, benefits, and other monies to which Plaintiff is entitled under the FLSA.

6. **Non-Admission of Wrongdoing.** Plaintiff and Defendants agree that neither this Agreement nor the furnishing of the consideration provided for herein shall be deemed or

construed at any time or for any purpose as an admission of any liability or unlawful conduct of any kind by Defendants.

7. <u>Severability and Modification.</u>

(a) If any provision of this Agreement is declared illegal or unenforceable by any court, administrative agency, or other entity, Plaintiff and Defendants both agree that the court, administrative agency, or other entity has the full discretion to interpret or modify all such provisions to be enforceable and is directed to do so. To aid in that process, if any such provision is determined to be invalid, illegal, or unenforceable, but could be interpreted or modified to be made valid, legal, or enforceable by modification thereof, then the party for whose benefit the provision exists, may make such modification as necessary to make the provision valid, legal, enforceable, and consistent with the intent stated in this Agreement, and the other party shall sign an agreement or stipulation to adopt that modification;

(b) If such interpretation or modification is not possible, such provision immediately shall become null and void, leaving the remainder of this Agreement in full force and effect; and,

(c) However, if the release of all FLSA Claims contained herein is limited or held to be null and void, (i) this Agreement shall be interpreted to bar any FLSA Claim Plaintiff may assert; and, (ii) Plaintiff shall execute an enforceable general and unlimited release of all FLSA Claims or all monies paid hereunder shall be returned to Defendants.

8. <u>Applicable Law and Continuing Jurisdiction.</u> This Agreement shall be governed by, interpreted, constructed, and enforced in accordance with the laws of the State of New York. The Parties consent to the authority of United States District Court Judge Cathy Seibel of the United States District Court of the Southern District of New York, without a jury, for all purposes and hereby expressly agree and understand that the Court shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and the settlement contemplated thereby.

9. <u>Section Headings.</u> Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

**10. Competence to Waive Claims.** Plaintiff is competent to affect a knowing and voluntary general and unlimited release of all FLSA Claims as referenced above and to enter into this Agreement. Plaintiff is not affected or impaired by illness, use of alcohol, drugs, medication, or other substances or otherwise impaired. To the contrary, Plaintiff has a clear and complete understanding of this Agreement, as explained to Plaintiff by Plaintiff's counsel. Plaintiff is not a party to any bankruptcy, lien, creditor-debtor, or other proceeding which would impair the right to settle and waive all FLSA Claims.

**11. Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed an original and each of which shall together constitute one and the same agreement. A signed fax or .pdf copy shall, for all purposes, be deemed an original and in full force and effect.

**12. Execution.**

(a) The terms of this Agreement are the product of mutual negotiation and compromise between Plaintiff and Defendants. The meaning, effect, and terms of this Agreement have been fully explained to Plaintiff by Plaintiff's counsel. Plaintiff fully understands that this Agreement generally releases, settles, bars and waives any and all FLSA Claims that Plaintiff possibly could have against Releasees. Plaintiff further represents that Plaintiff is fully satisfied with the advice and counsel provided by Plaintiff's attorneys.

(b) Plaintiff fully understands the terms of this Agreement.

**PLAINTIFF IS ADVISED THAT PLAINTIFF HAS A REASONABLE PERIOD OF TIME TO CONSIDER THIS AGREEMENT. HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS SET FORTH ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH PLAINTIFF'S COUNSEL, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL FLSA CLAIMS PLAINTIFF HAS OR MIGHT HAVE AGAINST RELEASEES.**

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Negotiated Settlement Agreement as follows:

**BY PLAINTIFF:**

_____
Adrian Miro

**FOR DEFENDANTS:**

Buon Amici:

By: _____
Christopher Raimo

Christopher Raimo:

By: _____
Christopher Raimo